UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL R. WHITE,<br>Plaintiff<br><br>V.<br><br>BAC HOME LOANS SERVICING, LP<br>FKA COUNTRYWIDE HOME<br>LOANS SERVICING, LP,<br>Defendant | § § § § § § § § § § | CIVIL ACTION<br><br>3:09-CV-2484-G<br><br>ECF |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Paul R. White, Plaintiff, and responds to the Motion to Dismiss of BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, Defendant, and shows unto the Court the following:

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed suit in state court against his current home loan servicer. Plaintiff sought recovery in the Original Petition for Defendant's Deceptive Trade Practices and asked the Court to issue a Declaratory Judgment based on defective notices and inequitable conduct.

Defendant removed the case to federal court and filed a Motion to Dismiss alleging: (1) Plaintiff's Deceptive Trade Practices Act (hereafter DTPA) claim fails because Plaintiff failed to show DTPA applies, that Defendant acted unconscionably, or that Defendant's acts caused Plaintiff's damages, and (2) Plaintiff's wrongful foreclosure claim denies Defendant of fair notice. Subsequently, Plaintiff filed a First Amended Petition eliminating the count for Deceptive Trade Practices, elaborating on the factual

basis for the Declaratory Judgment, and adding causes of action for Fraudulent Misrepresentation and Fraud by Nondisclosure.

## II. ARGUMENT

### 1. Plaintiff's Fraud Claims

Defendant alleges that Plaintiff's claims for fraud fail because the Plaintiff has failed to show how he relied on Defendant's alleged representations or nondisclosures. *See Defendant's Motion to Dismiss Amended Complain*, Page 2.

Because this case was removed from state court, Texas law determines whether Plaintiff stated a claim. *See, e.g.,* Fed. R. Civ. P. 81(c). To state a claim under Texas law, a plaintiff must provide sufficient allegations to satisfy the elements of a claim. *See Nassar v. Hughes,* 882 S.W.2d 36, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Plaintiff's First Amended Petition elaborates as to circumstances surrounding Defendant's fraudulent conduct. *See Plaintiff's First Amended Petition,* Paragraphs 16-19. Plaintiff believes that his account fell into arrears because of his inability to acquire from Defendant an accurate accounting for his loan. Plaintiff also believes that Defendant's unwillingness to provide Plaintiff with an accurate accounting prevented Plaintiff from curing the resulting default. As stated, Plaintiff's allegations are sufficient to satisfy the elements of a claim. Therefore, no grounds exist for granting Defendant's motion to dismiss on this basis.

### 2. Plaintiff's Claim for Equitable Relief

Defendant alleges that Plaintiff's claim for equitable relief for wrongful foreclosure fails because "he seeks only the return of his property" and he has "failed to plead that he tendered, or offered to tender, the full indebtedness." *See Defendant's Motion to Dismiss Amended Complain,* Page 5. Plaintiff prayed the Court award Plaintiff damages in addition

to or in the alternative to the right to cure and be reinstated. Plaintiff did not seek "only the return of his property" as the relief requested was cumulative and clearly included damages as a result of Defendant's inequitable conduct.

Furthermore, Plaintiff's believes that his lack of an offer to tender the full indebtedness is a direct result of Defendant's failure to provide an accurate accounting from which an accurate tender amount could be based. Plaintiff requested and believes he was denied an accurate accounting as to the principal and escrow payments made on his loan. Plaintiff also believes that the notices of foreclosure reflected a 2003 modification which Plaintiff contends he did not sign. Therefore, no grounds exist for granting Defendant's motion to dismiss on this basis.

### III. CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Amended Petition states that Plaintiff's fraud claims should be dismissed for failure to state a claim under FRCP 8 and FRCP 9. However, this action was initiated in state court and, as such, state law determines whether Plaintiff has stated a claim. Plaintiff has stated a claim under Texas law because Plaintiff's fraud claims include sufficient allegations for each element of a claim. *Nassir*, 882 S.W.2d at 38. Plaintiff's claim for wrongful foreclosure should not be dismissed because Plaintiff's failure to tender resulted from Defendant's failure to provide an accurate accounting and Plaintiff sought all relief to which he is justly entitled, including attorney's fees. For these reasons, Plaintiff prays the Court denies Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully Submitted,

NORCROSS & ASSOCIATES
5430 Glen Lakes, Suite 260
Dallas, Texas 75231
Tel.   214-368-9300
Fax.   214-368-9306

By: _____
CHAD A. NORCROSS
Texas Bar No. 24039513
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

On May 3, 2010, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal rule of Civil Procedure 5(b)(2).

_____
Chad A. Norcross
*Attorney for Plaintiff*

*Via Electronic Service*
C. Charles Townsend
Akerman Senterfitt LLP
600 N. Pearl Street, Suite S1900
Dallas, Texas 75201
(214) 720-4300
(214) 981-9339