UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL R. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:09-CV-2484-G |
| BAC HOME LOANS SERVICE, LP f/k/a | ) | |
| COUNTRYWIDE HOME LOANS | ) | **ECF** |
| SERVICING LP, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of Chad A. Norcross ("Norcross"), attorney for

the plaintiff Paul R. White ("White"), to withdraw as White's counsel (docket entry

16).  For the reasons stated below, the motion is denied without prejudice to filing a

new motion in conformity with the local rules.

I. BACKGROUND

Norcross represents White in this action, in which White brings a claim

against BAC Home Loans Serving, LP for deceptive trade practices in its handling of

his mortgage.  Norcross has moved to withdraw as White's counsel on the ground

"that he is unable to effectively communicate with [White] in a manner consistent

with good attorney-client relations and [White] has breached his employment

contract with [Norcross]."  Motion for Withdrawal of Counsel at 1.

## II.  ANALYSIS

Norcross's motion fails to satisfy the requirements of Local Rule 83.12.  That

rule provides that "an attorney desiring to withdraw in any case must file a motion to

withdraw" and that the motion to withdraw must

> specify the reasons requiring withdrawal and provide the
> name and address of the succeeding attorney.  If the
> succeeding attorney is not known, the motion must set
> forth the name, address, and telephone number of the
> client and either bear the client's signature approving
> withdrawal or state specifically why, after due diligence, the
> attorney was unable to obtain the client's signature.

N.D. Tex. Loc. R.. 83.12a.  Here, Norcross's motion does specify the reasons

requiring his withdrawal.  However, it does not provide the name and address of the

succeeding attorney, it does not set forth White's telephone number, and it neither

bears White's signature nor states specifically why, after due diligence, Norcross was

unable to obtain White's signature.  The motion is thus inadequate under Local Rule

83.12a.  Subsections (b) and (c) of Local Rule 83.12 provide exceptions to

subsection(a), but neither is applicable in this case.  Therefore, Local Rule 83.12

requires that Norcross's motion be denied.

### III.  CONCLUSION

For the reasons discussed above, English's motion to withdraw is **DENIED**

without prejudice to filing a new motion that complies with Local Rule 83.12.

**SO ORDERED**.

May 11, 2010.

A. JOE FISH
**Senior United States District Judge**