UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL R. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:09-CV-2484-G |
| BAC HOME LOANS SERVICING, LP ) | |
| f/k/a COUNTRYWIDE HOME LOANS ) | **ECF** |
| SERVICING, LP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the amended motion of Chad A. Norcross ("Norcross"), attorney for the plaintiff Paul R. White ("White"), to withdraw as White's counsel (docket entry 19). For the reasons stated below, the motion is denied without prejudice to refiling.

### I. BACKGROUND

Norcross represents White in this action, in which White brings a claim against BAC Home Loans Servicing, LP for deceptive trade practices in its handling of his mortgage. This is Norcross's second motion to withdraw as White's attorney.

The court denied Norcross's first motion because it did not comply with Local Rule 83.12.  *See* Memorandum Opinion and Order of May 11, 2010 (docket entry 18) at 2.  Norcross has filed an amended motion in which he once again moves to withdraw as White's counsel.  *See* Amended Motion for Withdrawal of Counsel ("Motion") at 1-2.

## II.  ANALYSIS

### A.  Legal Standard

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."  *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).  The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal.  See *Federal Trade Commission v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").  In addition, the local rules of this court provide that where an attorney seeks to withdraw from a representation and the identity of the succeeding attorney is not known, the withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) "either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature."  *See* N.D. TEX. LOC. R. 83.12(a).

The decision whether to allow an attorney to withdraw is "entrusted to the sound discretion" of the district court. *Matter of Wynn*, 889 F.2d at 646 (citation omitted). "In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind the request" for withdrawal. *United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993). If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. See *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (per curiam) ("District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal."); *Cole*, 988 F.2d at 683 ("'Unless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw.'") (quoting *United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983)) (internal quotation marks and brackets omitted). This is especially true where, as here, an attorney seeks to withdraw over his client's objection. See *Stafford v. Mesnick*, 63 F.3d 1445, 1448 (7th Cir. 1995) ("The attorney seeking to withdraw must establish that his client consents or that a valid and compelling reason exists for the court to grant the motion over an objection."); *Streetman v. Lynaugh*, 674 F. Supp. 229, 235 (E.D. Tex. 1987) ("[A]n attorney who has once agreed to represent a client should not be

permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client.").

Whether good cause exists for an attorney to withdraw is a question of federal law. Cf. *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992) (reaffirming that a motion to disqualify opposing counsel presents a question of federal law), *cert. denied*, 507 U.S. 912 (1993). That question is answered primarily by referring to the standards for withdrawal articulated in national ethics canons and in the ethics rules adopted by the court. See *Hakim v. Leonhardt*, 126 Fed. Appx. 25, 26 (2d Cir. 2005) (summary order) ("Codes of Professional Conduct, such as the Connecticut Rules of Professional Conduct and the Model Code, guide our assessment of whether 'good cause' to withdraw exists."); *Whiting*, 187 F.3d at 321("Although the Model Code was drafted solely for its use in disciplinary proceedings and cannot by itself serve as a basis for granting a motion to withdraw as counsel, we continue to believe that the Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel.") (citation, internal quotation marks, and brackets omitted); see also *In re Posadas USA, Inc.*, 100 S.W.3d 254, 257 (Tex. App.--San Antonio 2001, no pet.) ("Although the Texas Disciplinary Rules are not controlling standards governing motions to withdraw, they articulate considerations relevant to the merits of such motions.") (citing *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990)); cf. *In re American Airlines*, 972 F.2d at 610 ("[D]isqualification

cases are governed by state and national ethical standards adopted by the court."). This court has adopted the Texas Disciplinary Rules of Professional Conduct. *See* N.D. TEX. LOC. R. 83.8(e). Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct outlines six specific situations in which a lawyer has good cause to voluntarily withdraw from a representation. *See* TEX. DISCIP. RULES OF PROF'L CONDUCT R. 1.15(b)(1)-(6). It also contains a seventh, catch-all provision that allows an attorney to withdraw where "other good cause for withdrawal exists." See *id.* 1.15(b)(7). The parallel rule in the American Bar Association's Model Rules of Professional Conduct contains virtually identical provisions. *See* MODEL RULES OF PROF'L CONDUCT R. 1.16(b) (6th ed. 2007).

"Much of the relevant caselaw" about when good cause exists under subsection (b)(7) "involves antagonism between lawyer and client." MODEL RULES OF PROF'L CONDUCT R. 1.16 ANNOT. (collecting cases). This case law establishes that an attorney has good cause for withdrawal when there has been a total breakdown of the attorney-client relationship. See, *e.g.*, *Gold's Gym Licensing, LLC v. K-Pro Marketing Group, Inc.*, 2009 WL 3520858, at *3 (D. Minn. Oct. 26, 2009) ("We have, in the past, found that good cause exists . . . where a degree of fractiousness, between the client and counsel, has developed which inhibits 'the just, speedy, and inexpensive determination of [the] action.'") (quoting FED. R. CIV. P. 1); *Johnson v. California Department of Corrections and Rehabilitations*, 2009 WL 2447705, at *1 (E.D. Cal.

Aug. 7, 2009) ("In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case.") (citing *Whiting*, 187 F.3d at 321); *United States v. Reynolds*, 2009 WL 1874035, at *1 (E.D. Tenn. June 26, 2009) (allowing an attorney to withdraw after finding "that the trust between attorney and client necessary for an adequate defense no longer exists, that communications between the defendant and counsel have broken down, and that the situation is unlikely to improve"); see also *Koon Chun King Kee Soy & Sauce Factory, Limited v. Kun Fung USA Trading Company, Inc.*, 2009 WL 605786, at *2 (E.D.N.Y. Mar. 9, 2009); *Hershey v. Berkeley*, 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008); *Finazzo v. Hawaiian Airlines*, 2007 WL 1201694, at *3 (D. Haw. Apr. 23, 2007) (citing *Cole*, 988 F.2d at 683); *Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997).

Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981). This requires the court to consider certain additional factors before allowing an attorney to withdraw. *Johnson*, 2009 WL 2447705, at *1 (citing *In re Tutu Wells Contamination Litigation*, 164 F.R.D. 41, 44) (D. V.I. 1995)). Those additional factors include: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been

pending; (3) the time it would take -- and the financial burden it would impose on -- the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice.  See *Whiting*, 187 F.3d at 320-21; *Johnson*, 2009 WL 2447705, at *1; *Dorsey v. Portfolio Equities, Inc.*, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (Boyle, J.); *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006); *Moore & Moore v. Stevens*, 2006 WL 3783436, at *2 (D. Haw. Nov. 1, 2006); *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998); *United States v. Travers*, 996 F. Supp. 6, 14 (S.D. Fla. 1998); *United States ex rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Systems, Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997); *Streetman*, 674 F. Supp. at 235.

## B. Application

In this case, the court concludes that Norcross should not be allowed to withdraw as White's attorney.  Norcross's amended motion to withdraw satisfies the requirements of Local Rule 83.12(a).  *See* Motion at 1-2.  Norcross has also provided White with reasonable notice of his intention to withdraw.  See *id.*  However, the court finds that Norcross has not made an adequate showing that good cause exists for his withdrawal.  The entirety of Norcross's argument as to why he should be allowed to withdraw is as follows:  "Good cause exists for the withdrawal of Chad A. Norcross as counsel, in that he is unable to effectively communicate with [White] in a

manner consistent with good attorney-client relations and [White] has breached his employment contract with Chad A. Norcross." Motion at 1. Norcross did not file a declaration, an affidavit, or any other supporting materials alongside his motion. In addition, the motion states that White is opposed Norcross's withdrawal. *Id.* The court has not uncovered a single case in which counsel was permitted to withdraw over his client's objection on the strength of nothing more than a conclusory, unsworn, single-sentence assertion. "[I]t is incumbent on the court to assure . . . [itself] that the withdrawal of counsel is for good cause." *Broughten*, 634 F.2d at 882-83. Norcross has not provided the court with enough information to enable it to assure itself that he has good cause to withdraw. Accord *Intellipay*, 828 F. Supp. at 34 (denying a motion to withdraw where the attorney seeking withdrawal failed to elaborate on his claim that there was a lack of communication with his clients).

There is language in some cases that, if read in isolation, could appear to suggest that an attorney's bare assertion that his relationship with his client has become antagonistic provides a sufficient basis for allowing the attorney to withdraw. See, *e.g.*, *Fornaro v. Gannon*, 124 Fed. Appx. 8, 12 (1st Cir. 2004) (per curiam) ("[T]he district court had the discretion to treat plaintiff's counsel's representation that 'irreconcilable disputes and conflicts' existed as sufficient cause for withdrawal without requiring counsel to spell out the conflicts at an *in camera* hearing."), *cert. denied*, 545 U.S. 1140 (2005); *Cavallo v. Star Enterprise*, 153 F.3d 719 (tbl.), 1998

WL 403330, at *3 (4th Cir. July 7, 1998) (per curiam) ("[T]he district court was entitled to rely on [counsel]'s assertions . . . that the [clients'] communications with [counsel] had become both acrimonious and abusive."); *Stafford*, 63 F.3d at 1449 (rejecting the argument that the district court "could not simply accept [counsel]'s word for" the facts constituting good cause for withdrawal and holding that a district court does not "abuse its discretion in relying on the statement of an officer of the court").  However, in each of these cases the court of appeals was able to point to evidence in the record that substantiated the attorney's claim that there was good cause for withdrawal.  See *Fornaro*, 124 Fed. Appx. at 12 ("[H]ere, the plaintiff and his counsel were able to air their dispute through plaintiff's motion for reconsideration and subsequent filings which confirmed that their relationship had become acrimonious."); *Cavallo*, 1998 WL 403330, at *1 (recounting the details provided by the withdrawing attorney in a sworn affidavit); *Stafford*, 63 F.3d at 1448-49 (noting the existence of a letter from the client to the district court that "confirmed that he had asked [counsel] to stop efforts in his defense"); see also *Roshan Associates, Inc. v. Motiva Enterprises*, 66 Fed. Appx. 525 (tbl.), 2003 WL 21017504, at *1 (5th Cir. April 16, 2003) (per curiam) (affirming the district court's decision to allow counsel to withdraw, despite the fact that the motion to withdraw "failed to give a reason for withdrawal," on the ground that "[t]he record does reflect that the judge held a status conference for the express purpose of discussing the

motion"). Here, there is no evidence before the court that substantiates Norcross's claims. Therefore, the court concludes that Norcross has not carried his burden of proving that good cause exists for him to withdraw.

### III. CONCLUSION

For the reasons discussed above, Norcross's motion to withdraw is **DENIED** without prejudice to refiling a new motion.

**SO ORDERED**.

June 15, 2010.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**