UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL R. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:09-CV-2484-G |
| BAC HOME LOANS SERVICING, LP ) | |
| f/k/a COUNTRYWIDE HOME LOANS ) | |
| SERVICING, LP, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, BAC Home Loan Servicing, L.P. ("BAC"), to dismiss the first amended petition of the plaintiff, Paul R. White ("White"), for failure to state a claim upon which relief can be granted (docket entry 13). For the reasons set forth below, the motion is granted.

## I. BACKGROUND

### A. Factual Background

In this action, White seeks relief against BAC for fraudulent misrepresentation, fraud by nondisclosure, and wrongful foreclosure. *See* Plaintiff's First Amended

Petition ("Amended Petition") ¶¶ 16-22 (docket entry 9). White's claims arise out of BAC's conduct as the servicer of his mortgage. *Id.* ¶ 7. White alleges that BAC wrongfully demanded that he make payments in accordance with a modification agreement that was never executed or agreed to by the parties. *Id.* ¶ 12. He also claims that BAC improperly deducted loan payments from his escrow account, misrepresented the amount due on his loan, and failed to communicate how it calculated the amount he owed. *Id.* ¶ 21.

On June 28, 1994, the plaintiff executed a promissory note (the "loan" or "note") and a deed of trust to secure financing from Bent Tree Residential Financing for the purchase of real property in Dallas, Dallas County, Texas. See *id.* ¶¶ 1, 6. In 2001, BAC[1] acquired the loan from Bent Tree Residential Financing. *Id.* ¶ 7. Two years later, White and BAC entered into negotiations to modify the terms of the loan. *Id.* ¶ 8. According to White, however, the parties never agreed to or executed a modification agreement. *Id.* ¶ 12. White claims that since then "inconsistencies and irregularities began developing in the amounts demanded by [BAC], in the handling of the escrow accounts, and in [BAC's] representations regarding the instrument involved." *Id.* ¶ 9. After White defaulted on the loan, BAC initiated foreclosure proceedings and scheduled a foreclosure sale to occur on December 1, 2009. See *id.* ¶ 11.

---

[1] BAC f/k/a Countrywide Home Loan Servicing. Amended Petition ¶¶ 2, 7.

On November 30, 2009, White filed this suit in a state district court asserting claims against BAC for wrongful foreclosure and violation of the Texas Deceptive Trade Practices Act ("DTPA"). BAC promptly removed the case on the basis of the parties' diverse citizenship. Notice of Removal at 2-3 (docket entry 1). After the case was removed, White filed his first amended petition which eliminated the previously asserted DTPA claim and added claims for fraudulent misrepresentation and fraud by nondisclosure. Defendant BAC Home Loans Servicing, LP's Brief in Support of its Motion to Dismiss Plaintiff's Amended Complaint ("BAC Brief") at 1; *see also* Amended Petition ¶¶ 16-19. On March 15, 2010, BAC filed the instant motion to dismiss for failure to state a claim.

### B. Procedural Background

#### 1. *The Rule 12(b)(6) Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009). The court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 1949. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 1950 (*quoting* FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible."  See *id*. at 1950, 1952.

2.  *Texas Rule of Civil Procedure 45*

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."  *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000) (citing *Broom v. Brookshire Brothers, Inc.*, 923 S.W.2d 57, 60 (Tex. App.--Tyler 1995, writ denied)).  Under Texas law, "[p]leadings in the district and county courts shall . . . consist of a statement in plain or concise language of the plaintiff's cause of action . . . .  That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."  TEX. R. CIV. P. 45(b) (Vernon 2003).  A sufficient pleading "gives fair and adequate notice of the facts upon which the pleader bases his claim.  The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense."

*Horizon/CMS Healthcare*, 34 S.W.3d at 897 (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

## II. ANALYSIS

### A. The Fraud Claims Against BAC

In his first amended petition, the plaintiff asserts two fraud-based claims against BAC: fraudulent misrepresentation, and fraud by nondisclosure. BAC moves to dismiss, arguing that White failed to plead these claims with particularity as required by Rule (9)(b) of the Federal Rules of Civil Procedure. *See* BAC Brief at 3-5. Because the plaintiff asserted these claims for the first time after the case was removed to federal court, the Federal Rules of Civil Procedure apply. *See* FED. R. CIV. P. 81(c); *Holden v. Illinois Tool Works, Inc.*, No. H-08-2783, 2009 WL 2044649, at *3 (S.D. Tex., July 8, 2009) ("The Federal Rules of Civil Procedure, however, do 'apply to a civil action *after* it is removed from state court.'") (emphasis in original).

To state a cause of action for fraudulent misrepresentation under Texas law, a plaintiff must allege facts sufficient to show that: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pacific Mutual Life Insurance Company*, 51 S.W.3d 573,

577 (Tex. 2001); see also *Norman v. Apache Corporation*, 19 F.3d 1017, 1022 (5th Cir. 1994). For an actionable nondisclosure fraud to lie, the plaintiff must allege that: (1) the defendant concealed or failed to disclose a material fact that it knew the plaintiff was ignorant of or did not have the opportunity to discover; (2) the defendant intended to induce the plaintiff to take some action by concealing or failing to disclose the material fact; and (3) the plaintiff suffered harm as a result of acting on the defendant's nondisclosure. See *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008). Fraud by nondisclosure is predicated on a duty to disclose. *Id.*; see also *Ralston Purina Company v. McKendrick*, 850 S.W.2d 629, 636 (Tex. App.-- San Antonio 1993, writ denied) ("Before any duty may be found, there must first be proof of facts which give rise to it."). Whether a defendant had a duty to disclose is "entirely a question of law, to be decided by reference to statutory and case law, and it must be determined only by the court." *Ralston Purina*, 850 S.W.2d at 633 (internal citations and quotation marks omitted).

Under Rule 9(b), fraud claims must be pleaded with particularity.[2] FED. R. CIV. P. 9(b) ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ."). The Fifth Circuit has interpreted Rule 9(b)

---

[2] The heightened pleading standard of Rule 9(b) "provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims in an attempt to discover unknown wrongs." *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1067 (5th Cir. 1994).

strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997); see also *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (holding that Rule 9(b) requires the plaintiff to specify "the who, what, when, where, and how" of the alleged fraud).

White's fraud claims appear to be based on the following facts: (1) BAC "represented that amounts are due when those figures were not in fact due, and were based on agreements not made between the parties"; (2) BAC "willfully failed to communicate facts establishing what is owed, what is not owed, and what agreements any figures advanced are based upon"; and (3) BAC "concealed from or failed to disclose certain material facts to the Plaintiff" and "his account fell into arrears because of his inability to acquire from Defendant an accurate accounting of his loan . . . [which] prevented Plaintiff from curing the resulting default." Amended Petition ¶¶ 14-19; *see also* Plaintiff's Response to Defendant's Motion to Dismiss ("Response") at 2. These factual allegations, however, are neither pleaded with particularity nor are they sufficient to support an inference of fraud. See *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1068 (5th Cir. 1994).

White fails to identify any specific misrepresentation made by BAC or any specific material fact that BAC had a duty to, but did not, disclose. His claim that BAC misrepresented the amount due is not supported by specific factual allegations sufficient to show that BAC knowingly made the misrepresentation or did so with an intent to defraud him. Moreover, White does not plead any facts tending to show that he justifiably relied -- or even how he relied -- on any misrepresentation made by BAC. In short, White has failed to "identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent," *WMX Technologies, Inc.*, 112 F.3d at 177-78. White's allegations amount to little more than a "[t]hreadbare recital" of the elements of fraud, which is not adequate to survive a motion to dismiss. See *Dorsey*, 540 F.3d at 339 ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)."); see also *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Because White has not pleaded his fraud claims with the particularity required by Rule 9(b), BAC's motion to dismiss his fraud claims is granted.

## B. Wrongful Foreclosure

White's first amended petition also charges BAC with wrongful foreclosure and seeks either damages for, or equitable relief from, the foreclosure proceedings initiated

by BAC. Because White asserted his wrongful foreclosure claim in state court, before this case was removed, Texas procedural law determines whether his claim survives the present motion to dismiss. See *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) ("[T]he federal rules do not apply to filings in state court, even if the case is later removed to federal court.").

In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corporation*, 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.) (citing *Charter National Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.--Houston [14th Dist.] 1989, writ denied)); see also *Sotelo v. Interstate Financial Corporation*, 224 S.W.3d 517, 523 (Tex. App.--El Paso 2007, no pet.). A party seeking to set aside a sale, based on wrongful foreclosure, "is limited to 'two alternative remedies. [He] may elect to: (1) set aside the void trustee's debt [*sic*, probably should be deed]; or (2) recover damages in the amount of the value of the property less indebtedness.'" *Rodriguez v. Ocwen Loan Servicing, Inc.*, H-07-4546, 2008 WL 239652, at *2 n.9 (S.D. Tex. Jan. 29, 2008) (quoting *Diversified, Inc. v. Gibraltar Savings Association*, 762 S.W.2d 620, 623 (Tex. App.--Houston [14th Dist.] 1988, writ denied)), *aff'd*, 306 Fed. App'x. 854 (5th Cir. 2009). White has requested that

the court award "damages in addition to or in the alternative to the right to cure and be reinstated." Response at 2-3.

The court notes, first, that White has not alleged in his first amended petition or in his response to BAC's motion to dismiss that the foreclosure sale, scheduled to occur on December 1, 2009, actually took place. While White does allege that BAC accelerated the note and instituted a foreclosure action against him, he does not allege that he ever lost possession of the property.[3] *See* Amended Petition ¶¶ 17, 21. In Texas, recovery of damages for wrongful foreclosure "is premised upon one's lack of possession of real property," therefore "individuals never losing possession of the property cannot recover [damages] on a theory of wrongful foreclosure." *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336 at *4 (N.D. Tex. June 24, 2009) (Boyle, J.) (citing *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.--San Antonio 1998, no pet.)). If White's "possession is undisturbed, he has suffered no compensable damage," and he cannot state a claim to recover damages for wrongful foreclosure. *Peterson*, 980 S.W.2d at 823 (explaining that damages for wrongful foreclosure "is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to conversion of personal property."). Since White has not alleged that his possession

---

[3] White also does not allege that there was a defect in the foreclosure proceedings, a grossly inadequate selling price, or that there was a causal connection between the defect and the inadequate selling price. See *Sauceda*, 268 S.W.3d at 139.

was disturbed, he has not stated a wrongful foreclosure claim for which relief -- in the form of damages -- can be granted.

As an alternative form of relief, White seeks the equitable remedy of recission. Response at 2-3. However, since White has not alleged that the scheduled foreclosure actually occurred, it is unclear to the court whether there is in fact a sale that could be rescinded. Even so, to the extent White seeks equitable relief to avoid foreclosure, he cannot state a claim for such relief because he has not tendered the amount due on the loan, and Texas courts have made clear that "a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note." *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.); see also *Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.--Fort Worth 1999, pet. denied) ("In order to be entitled to recission, [the plaintiff is] required to actually tender the amounts due."); *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.--Houston [1st Dist.] 1982, no writ) ("In a suit seeking equitable relief to avoid foreclosure, where the appellants allege they can pay the full amount of the note, we are of the opinion that the appellants must affirmatively demonstrate their ability to pay the full amount due on the note if they are to obtain equity."). "[I]t is a principle of equity that to obtain equitable relief the applicant must have done equity." *Grella*, 647 S.W.2d at 18. White's failure to "do equity" -- that is, his failure to tender the amount due on the

loan -- prevents this court from granting him equitable relief. See *Lambert*, 993 S.W.2d at 835-36.

To overcome his failure to tender, White argues that "his lack of an offer to tender the full indebtedness is a direct result of Defendant's failure to provide an accurate accounting from which an accurate tender could be based." Response at 3. White's skepticism of BAC's accounting methods, however, does not excuse his failure to tender. In Texas, "[t]ender of *whatever* sum is owed on the mortgage debt is a condition precedent" to recovery of title. See *Fillion*, 709 S.W.2d at 246 (emphasis added) (citing *Willoughby v. Jones*, 251 S.W.2d 508 (Tex. 1952)). White has not tendered the amount BAC claims is owed on the loan, nor has he attempted to tender any other amount. White's failure to affirmatively demonstrate his ability to tender *any* amount bars the court from granting him equitable relief. See *id.* White cannot recover damages for wrongful foreclosure because he has not alleged disturbance of possession, and the court cannot grant him equitable relief because has not tendered the amount due on the loan. As a result, White has failed to state a claim upon which relief can be granted. BAC's motion to dismiss White's wrongful foreclosure claim is therefore granted.

### III. CONCLUSION

For the above stated reasons, the defendant's motion to dismiss the case for failure to state a claim is **GRANTED**.

**SO ORDERED**.

November 2, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**